Case 5:25-cv-00850-FB-HJB   Document 9   Filed 08/19/25   Page 1 of 7

FILED
August 19, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____ vl
                    DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

Mark Anthony Ortega,

Plaintiff,

v.

Silvershark, Inc. d/b/a Fundora Funding,

and Eli M. Silverstein,

Defendants.

Civil Action No. 5:25-cv-00850-FB-HJB

**DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(5) AND 12(b)(6)**

NOW COME Defendants, Silvershark, Inc. d/b/a Fundora Funding and Eli M. Silverstein (collectively, "Defendants"), and respectfully move this Honorable Court to dismiss Plaintiff's Complaint in its entirety. In support, Defendants state as follows:

## I. INTRODUCTION

Plaintiff, Mark Anthony Ortega, filed a Complaint alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The Complaint should be dismissed because (1) Plaintiff failed to properly serve Mr. Silverstein and (2) the pleading fails to state a claim upon which relief can be granted.

## II. GROUNDS FOR DISMISSAL

**A. Improper Service – Rule 12(b)(5)**

Plaintiff attempted service at an address in New Jersey that is not Mr. Silverstein's residence. Mr. Silverstein is located in California. Service was therefore defective and insufficient to confer personal jurisdiction under Rule 12(b)(5).

**B. Failure to State a Claim – Rule 12(b)(6)**

Even if service were proper, the Complaint fails to meet the pleading standards under Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). The allegations are conclusory and lack facts showing that Defendants themselves made any unlawful call or that any call lacked consent. Any call at issue was placed, if at all, by an independent contractor who represented that Plaintiff had consent and a pre-existing relationship, and who was bound by a written Company TCPA policy prohibiting calls without prior express consent.

**C. Plaintiff's History of Serial TCPA Litigation and Bad Faith**

Public records reflect that Plaintiff has initiated multiple TCPA lawsuits, evidencing a pattern of serial litigation and manufactured claims designed to entrap businesses in technical violations for statutory damages rather than to remedy legitimate harm. Courts have rejected similar manufactured TCPA claims. See, e.g., Stoops v. Wells Fargo Bank, N.A., 197 F. Supp. 3d 782 (W.D. Pa. 2016). Given this pattern, dismissal with prejudice is appropriate.

**III. CONCLUSION**

For these reasons, Defendants respectfully request that the Court: (1) grant this Motion to Dismiss; (2) dismiss the Complaint with prejudice; and (3) grant such further relief as the Court deems just and proper.

Dated: August 18, 2025

Respectfully submitted,

_____

Eli M. Silverstein

Defendant, Pro Se

22837 Ventura Blvd, Unit 202

Woodland Hills, CA 91364

# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF TEXAS

# SAN ANTONIO DIVISION

Mark Anthony Ortega,

Plaintiff,

v.

Silvershark, Inc. d/b/a Fundora Funding,

and Eli M. Silverstein,

Defendants.

Civil Action No. 5:25-cv-00850-FB-HJB

## DECLARATION OF ELI M. SILVERSTEIN

I, Eli M. Silverstein, declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am a named Defendant in this action and the principal of Silvershark, Inc. d/b/a Fundora Funding.

2. Plaintiff attempted service at an address in New Jersey where I do not reside; service was not properly effected. I respond in good faith to avoid delay.

3. Only one call was ever placed to Plaintiff, and this is the only TCPA-related complaint the company has ever received.

4. Any call was placed by an independent contractor, Kenneth Ezenwa Nwobi, not by me personally or by Silvershark directly.

5. The contractor represented that Plaintiff had consent and was required to comply with the company's TCPA Compliance Policy, which prohibits calls without prior express consent.

6. Any violation, if it occurred, was contrary to company policy and outside the scope of authorization.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 18, 2025.

_____

Eli M. Silverstein

# EXHIBIT A

## SILVERSHARK, INC. d/b/a FUNDORA FUNDING

## TCPA COMPLIANCE POLICY

Purpose. This Policy ensures compliance with the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, and FCC regulations. It applies to all employees, contractors, vendors, and agents engaged in outreach on behalf of the Company.

Consent Requirement. No calls or texts may be made without prior express consent (and where required, prior express written consent). Consent must be documented and retained.

Do-Not-Call (DNC). All outreach lists must be scrubbed against the National DNC Registry and the Company's internal opt-out list before calling. Opt-outs must be honored immediately.

Calling Windows. Calls may occur only between 8:00 a.m. and 9:00 p.m. recipient local time, absent express consent to other times.

Identification. Callers must identify themselves and the Company accurately and provide a callback number.

Technology Restrictions. No use of autodialers, prerecorded or artificial voice messages, or SMS campaigns without required consent. No spoofing of caller ID.

Recordkeeping. Maintain consent records, campaign logs, and DNC compliance records for at least four (4) years.

Enforcement. Violations may result in termination of the contractor relationship and other appropriate remedies.

**Independent Contractor Acknowledgment**

I, Kenneth Ezenwa Nwobi, acknowledge receipt of and agree to comply with the Company's TCPA Compliance Policy.

_____

Kenneth Ezenwa Nwobi, Independent Contractor

Date: November 6, 2024